

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,430-02

### EX PARTE JAMARIOS LECHRISTOPHER CANTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F1017409 IN THE 145TH DISTRICT COURT
### FROM NACOGDOCHES COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Canton v. State*, No. 12-12-00118-CR (Tex. App. — Tyler, December 20, 2012).

This Court remanded this case to the trial court on October 8, 2014, in order to obtain affidavits and findings addressing some of Applicant's grounds for review. On December 12, 2014, this Court received the supplemental record from Nacogdoches County. The supplemental record

and the trial court's supplemental findings of fact and conclusions of law are sufficient to show that most of Applicant's claims are without merit. However, the supplemental record does not resolve the question of whether this Court erred in dismissing Applicant's *pro se* petition for discretionary review. Applicant contended that, because he placed it in the prison mail system before the date upon which it was due to be filed, his *pro se* petition for discretionary review was improperly dismissed as untimely. On remand, this Court ordered the trial court to obtain an affidavit from the supervisor of the mail room on the unit in which Applicant was held during the applicable period, stating the date upon which Applicant's *pro se* petition for discretionary review was placed into the prison mail system, whether it was properly addressed to the clerk of this Court, and the date upon which it was sent to this Court.

The supplemental record after remand contains an affidavit from a Program Supervisor of the Mail System Coordinators Panel, stating that a review of the outgoing mail logs from the prison unit where Applicant was confined during the applicable period, from January 1, 2013 through April 5, 2013, shows that Applicant placed a stamped envelope addressed to the Clerk of this Court in the mail receptacle on January 17, 2013. Attached to the affidavit is a copy of a single page of the unit mail log, which includes the entry for the January 17, 2013 item. The affidavit does not state that this was the only item of outgoing mail placed in the mail receptacle by Applicant during the relevant period, and does not state when the item was actually sent to this Court.

This Court received a motion for an extension of time to file a petition for discretionary review from Applicant on January 23, 2013. The item placed in the mail receptacle by Applicant on January 17, 2013, was in all likelihood this motion. This Court received Applicant's petition for discretionary review on April 5, 2013. To fully answer the questions posed by this Court in its first remand order, another affidavit from the Program Supervisor of the Mail System Coordinators Panel

is necessary. The trial court shall order the Supervisor to submit another affidavit, listing all items of outgoing legal or special mail sent by Applicant during the period from January 1, 2013 until April 5, 2013, the dates upon which all such mail was placed in the mail system, and the dates upon which all such mail was actually sent. In addition, copies of the outgoing mail logs for the entire period described shall be included in the supplemental habeas record.

The trial court shall make findings of fact and conclusions of law as to the date upon which Applicant's *pro se* petition for discretionary review was placed into the prison mail system, and as to why this Court did not receive the petition until April 5, 2013. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish